IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 JUL 11 PM 4:47

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

EDDIE WILLIAMS, JR.,

    Petitioner,

vs.  No. 04-2725-D/V

JACK MORGAN,

    Respondent.

---

ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2244(b)(3)
TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

---

Petitioner, Eddie Williams, Jr., prisoner registration no. 121015, an inmate at the Brushy Mountain Correctional Complex (BMCC), in Petros, Tennessee, who was formerly incarcerated at the West Tennessee Prison (WTSP), in Henning, Tennessee, filed this petition under 28 U.S.C. § 2254, along with a motion to proceed *in forma pauperis*. For the reasons discussed below, petitioner cannot pursue relief under § 2254 in this district and no filing fee is to be assessed. Accordingly, the motion to proceed *in forma pauperis* is DENIED. The Clerk of Court is directed to record the respondent as Jack Morgan.[1] The Clerk shall not issue any process.

---

[1] Williams was incarcerated at the WTSP at the time he filed this petition. He has now been transferred to the BMCC. Accordingly, the Clerk shall delete any reference to WTSP Warden David Mills as the respondent and enter the name of BMCC Warden Jack Morgan, as respondent. The only proper respondent to a habeas petition is the inmate's current custodian

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

I. <u>PROCEDURAL HISTORY</u>

Williams again seeks to attack his conviction for two counts of armed robbery entered in the Shelby County Criminal Court in 1988. <u>State v. Williams</u>, 1988 WL 138818 (Tenn. Crim. App. Dec. 28, 1988), <u>perm. app. denied</u>, (Tenn. Apr. 3, 1989). Petitioner's first state post-conviction petition was denied after an evidentiary hearing. <u>Williams v. State</u>, 1993 WL 209852 (Tenn. Crim. App. June 16, 1993), <u>perm. app. denied</u>, (Tenn. Nov. 1, 1993). Petitioner's second state post-conviction petition was also denied. <u>Williams v. State</u>, 1995 WL 555047 (Tenn. Crim. App. Sept. 20, 1995), <u>perm. app. denied</u>, (Jan. 29, 1996).

Petitioner thereafter filed his first federal habeas petition, which was dismissed on the merits as lacking any arguable federal component, barred by <u>Stone v. Powell</u>, 428 U.S. 465 (1976), barred by petitioner's procedural default in state court, or and lacking arguable merit. <u>Williams v. Conley</u>, No. 96-2650-D/V (W.D. Tenn. Mar. 26, 1997). Williams appealed and the Sixth Circuit Court of Appeals dismissed his appeal for want of prosecution. <u>Williams v. Conley</u>, No. 97-5466 (6th Cir. May 9, 1997).

On April 29, 2002, Williams filed a second habeas petition alleging that he attempted to file another state post-conviction petition in the Shelby County Criminal Court which was dismissed as barred by the statute of limitations on August 22, 2000. Williams also alleged that he filed a state habeas petition in the Circuit

2

Court of Johnson County, which was dismissed for lack of jurisdiction on June 22, 2001. The second petition contained the claims previously dismissed for lack of merit in case number 96-2650-D/V and new claims of ineffective assistance and a claim that the jury instruction on reasonable doubt was unconstitutional. The petition was transferred to the Sixth Circuit as successive. Williams v. Carlton, No. 02-2307-D/A (June 26, 2002). The Sixth Circuit denied the application for permission to file a successive petition. Williams v. Carlton, No. 02-5880 (6th Cir. Dec. 12, 2002).

On August 29, 2003, Williams filed a state habeas petition in Lauderdale County Circuit Court contending that "his sentence ha[d] expired because [of the] unconstitutional sentence that relief upon convictions the petitioner's [sic] ha[d] never been convicted of that was used during sentencing...." Williams v. Mills, 2004 WL 221297 (Tenn. Crim. App. Jan. 30, 2004). The trial court denied relief and on appeal, the Tennessee Court of Criminal Appeals affirmed the denial of habeas corpus relief. Id.

On December 11, 2003, Williams filed a second state habeas petition in Lauderdale County Circuit Court contending that his indictment should be dismissed due to discrimination in the selection of the grand jury foreperson in Shelby County. The trial court dismissed the petition on December 12, 2003. Williams appealed and the Tennessee Court of Criminal Appeals affirmed the

denial of relief. <u>Williams v. Mills</u>, 2004 WL 1159569 (Tenn. Crim. App. 2004), <u>perm. app. denied</u>, (Tenn. Aug. 30, 2004).

On September 14, 2004, Williams filed this federal habeas petition seeking to present his claim of discrimination in the selection of the Shelby County grand jury foreperson. Williams cannot file this petition in this district without obtaining permission from the United States Court of Appeals for the Sixth Circuit. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, Title I, § 102, 110 Stat. 1220 (Apr. 24, 1996), amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas petition absent permission from the Court of Appeals for the Circuit in which the district court is located. Under <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997), "when a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to this Court pursuant to 28 U.S.C. § 1631."

Williams filed his first federal habeas petition after the enactment of the AEDPA and received a merits determination. He was advised of the proper procedure for requesting permission to file a successive petition in 2002. Williams cannot file another habeas petition in this district without obtaining permission from the United States Court of Appeals for the Sixth Circuit. 28 U.S.C. § 2244(b)(3)(A). Under <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997)

4

(per curiam), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631.

Accordingly, under § 2244(b)(3), Williams's new petition is a successive petition that cannot be brought under § 2254 without permission from the Court of Appeals. Therefore, under Sims, 111 F.3d at 47, and 28 U.S.C. § 1631, it is hereby ordered that the clerk of court transfer this petition to the United States Court of Appeals for the Sixth Circuit.[2]

IT IS SO ORDERED this 11th day of July, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[2] The clerk shall include in the documents transmitted herewith a copy of all documents from case number 96-2650-D/V and case no. 02-2307-D/A.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:04-CV-02725 was distributed by fax, mail, or direct printing on July 13, 2005 to the parties listed.

---

Eddie Williams
BRUSHY MOUNTAIN CORRECTIONAL COMPLEX
121015
P.O. Box 1000
Petros, TN 37845

Honorable Bernice Donald
US DISTRICT COURT